## LONSDALE COMPANY *vs.* THE BOARD OF LICENSE COMMISSIONERS OF THE TOWN OF CUMBERLAND.

Under Pub. Laws R. I. cap. 816, § 2, of August 1, 1889, which provides that no license to sell liquors shall be granted if "the owners or occupants of the greater part of the land within two hundred feet" of the building or place of proposed sale shall file their objections to the grant of such license:

*Held*, sufficient for the objectors to allege that "they were the owners of the greater part of the *property* within two hundred feet," &c.

One of the objectors was a railroad company and its objection was signed by A. B. Supt. It appeared in evidence that the superintendent signed by direction of the general manager of the road, and that the latter had authority to direct such signature by the superintendent.

*Held*, that the remonstrance was properly signed.

The record of the license commissioners brought up on *certiorari* showed the objection but no action in regard to it except that it was disregarded and the license granted.

*Held*, that on *certiorari* this court would receive and examine evidence as to the jurisdiction of the inferior tribunal.

*Held*, further, that the objection and the allegations in it were jurisdictional facts which could be decided without entering on the merits of the petition for license.

*Held*, further, that the license commissioners had no jurisdiction to grant the license and that the grant should be quashed.

CERTIORARI.

*September* 10, 1892.   TILLINGHAST, J.   The record brought up by the respondents, by way of a return to the writ issued in this case, shows, amongst other things, that after the filing with the License Commissioners, of the application of James L. McGinn for a license to sell intoxicating and malt liquors, in the village of Lonsdale, in the town of Cumberland, the complainants filed their objections to the granting thereof in manner following, viz.:—

"*To the License Commissioners of the Town of Cumberland:*

We the undersigned owners of the greater part of the property situated within two hundred feet of the house owned by Albert M. Whipple on Northerly side of Mendon Road, Lonsdale, New Village, being the second building East of the Railroad, respectfully object to the granting of a license to *James L. McGinn, John F. Aldrich*, or any other person for the sale of liquors upon said premises.

[Signed]                     LONSDALE COMPANY,
                                  *Goddard Brothers, Agts.*

[Signed]       NEW YORK, PROV. & BOSTON R. R.,
       N. Y., N. H. & H. R. R. Co. Lessee and Agent of,
                                  *by J. B. Gardiner, Supt.*

PROVIDENCE, May 6th, 1892."

That a time was duly fixed by said License Commissioners for the purpose of hearing all persons interested in the granting of the said application, and public notice thereof properly given, and that after several continuances of said application by the said Commissioners, the same was, on the 8th day of June, 1892, by them granted.

The record makes no mention of any hearing that was given to the objectors, or of any action which was taken by the Commissioners in connection therewith.

The proof submitted before us, shows, that the remon-

strants were the occupants of the greater part of the land within two hundred feet of the building and place for which the license was requested, and that they duly filed their objections in writing, with said License Commissioners, to the granting of a license to the applicant, or to any other person for the sale of intoxicating liquors at said place. That one of the remonstrants, viz.: the Lonsdale Company, was both the owner and occupant of a part of said land, while the other was the occupant as lessee of that part represented by it. The proof also shows that the said remonstrants duly appeared before said Commissioners and were heard in support of their said objections.

The respondents contend amongst other things that the objections filed by the complainants contain no allegations which bring them within the statute, and that therefore the License Commissioners were not bound to consider them. In other words, their contention is, that it is necessary for the objectors to formally allege that they are the *owners or occupants*, or the *owners and occupants* as the case may be, of the greater part of the *land* within two hundred feet of the place to be licensed, in order to entitle them to any rights as objectors under the statute, and that as the objectors in this case simply alleged that they were the owners of the greater part of the *"property"* within two hundred feet, &c., they are not entitled to any standing as objectors, under said statute.

We do not think that such a position can be maintained. The statute, Pub. Laws R. I. cap. 816, § 2,[1] of August 1,

---

[1] As follows:

SECT. 2. The town councils of the several towns, and the boards of commissioners as hereinafter provided, may grant or refuse to grant licenses to such citizens resident within this state for the manufacture or sale of pure spirituous and intoxicating liquors within the limits of such town or city, as they may think proper. Whenever any license for the sale of spirituous or intoxicating liquors shall be granted, the same shall be granted to expire on the first day of May next succeeding the granting of the same, unless revoked as is hereinafter provided, and such citizens resident, may obtain at any time, in the discretion of the persons authorized to grant licenses, a license to expire on the first day of May next succeeding the granting of the same; and pay therefor a price which shall be in proportion to the length of time which the said license so granted

1889, prohibiting the granting of a license where the owners or occupants of the greater part of the land within two hundred feet of such building or place object thereto, does not contemplate that the owners or occupants of the land within the prescribed limit, in order to assert their rights thereunder, should be compelled to employ counsel to prepare a formal and technical objection, which shall be in accordance with the strict rules of criminal pleading, but simply that upon filing with the Commissioners their objections in writing to the granting of the proposed license, they shall have the right to show that they are the owners or occupants, or both, of the greater part of the land within the prescribed limit.

In short, the question for the Commissioners to determine, upon objections being duly filed with them to the granting of a license, is simply whether the objectors own or occupy the greater part of the land within two hundred feet of the

---

shall continue in force, bears to the price of a license for a year; but no license granted under the provisions of this chapter shall authorize any person to sell any spirituous or intoxicating liquors on Sunday, or to any woman, except as hereinafter provided, or to any minor, or person of notoriously intemperate habits, or to sell or furnish intoxicating liquors to any person on a pass book or order on a store, or to receive from any person any goods, wares, merchandise or provisions in exchange for liquors. Before granting license to any person under the provisions of this chapter, said council or board shall give notice, by advertisement for at least two weeks in some newspaper published in the city or town where the applicant proposes to carry on business, or if there be no newspaper published in said city or town then in some newspaper published in the county, of the name of the applicant for said license and the particular location for which the license is requested; and shall give opportunity for remonstrants to be heard before them as to the granting thereof; and no license shall be granted under this chapter to authorize the sale of any such liquors, at any building or place where the owners or occupants of the greater part of the land within two hundred feet of such building or place shall file with the board having jurisdiction to grant licenses, their objection to the granting of such license; and before any license shall be issued under the provisions of this chapter, the person applying therefor shall give bond to the town or city treasurer in the penal sum of one thousand dollars, with at least two sureties satisfactory to the said council or board, which sureties shall be residents of the town or city where the licensee proposes to do business, conditioned that he will not violate any of the provisions of this chapter, and for the payment of all costs and damages incurred by any violation of this chapter; and he shall also pay for such license to the town or city treasurer the sum hereinafter named, three-fourths thereof for the use of such town or city, and one-fourth to be paid over by the town or city treasurer to the general treasurer for the use of the state.

place for which the license is sought. If it is shown that they do, the Commissioners are without jurisdiction to grant the license requested, and must dismiss the application.

The respondents also contend that the paper containing the objections to the granting of the license in question, was not properly executed on the part of the railroad companies represented, in that it was not signed by said companies, or by their corporate authority.

The record shows that the corporate names of said railroad companies was affixed by "J. B. Gardiner, Supt.," and the proof shows that said Gardiner was Superintendent and Agent of said railroads in this State at that time. It further shows that said Gardiner was requested by Gen. Jacob W. Miller of the city of New York, the General Manager of said railroads, to sign said objections, and that in pursuance of said request, and of his, said Gardiner's, authority in the management and operation of said railroads, he signed the same. Said Miller testified that he had the right to instruct the Superintendent to take all proper measures looking towards the safe operation of his division of said railroads and that it was entirely within his province as General Manager thereof, to ask Mr. Gardiner to sign the remonstrance.

We think that this proof sufficiently establishes the authority of Mr. Gardiner to sign the names of the railroad companies to said remonstrance. It was manifestly a matter connected with the general management of said railroads, a precautionary measure for the safety of their passengers and property, by way of preventing, to some extent, the sale of intoxicating liquors to their employees, and not such an act as required any formal vote of the directors of said railroads, or the affixing of their corporate seals.

Moreover, while it is true as contended by the respondents, that the privilege to file objections, is personal to the owner or occupant of land within the prescribed radius, for the reason that the objector being a land owner, is to be regarded as having a special interest, distinct from the public generally, in the granting of the license in question, yet we see no reason why said owner or occupant may not object to the

granting of a license by his agent, as well as in person, there being nothing in the law, which requires the party in interest personally to object, or personally to appear at the hearing. The maxim "*qui facit per alium facit per se,*" therefore, obtains in this matter.

The respondents further contend, that as the License Commissioners had jurisdiction of the subject matter in question, under the statute, the record produced by them in response to the writ, is all the evidence that can be considered by this court, and hence, that the oral evidence submitted as to the jurisdiction of the respondents to grant the license in question, must be ruled out, and the case decided solely upon said record. In other words the contention is, that the respondents had the right to grant the license in question, unless the evidence produced before them, showed that the owners or occupants of the greater part of the land within two hundred feet of the place for which the license was granted, had filed their objections thereto, and that this was a question of fact, of which the respondents are made the sole judges.

We do not assent to this proposition, taken as a whole. For while it is true, that in general, the determination of questions of fact by an inferior tribunal is conclusive and cannot be reviewed or reversed on *certiorari*, yet by the common law a supreme court has power to review their proceedings upon questions of jurisdiction and questions of law, these questions being of a judicial nature. A question of fact, therefore, which goes to the jurisdiction of the inferior tribunal, may be disputed in this court. *Whitney* v. *Board of Delegates of the S. F. Fire Department,* 14 Cal. 479 ; *Cullen* v. *Lowery,* 2 Harrington, Del. 459 ; *Starr* v. *Trustees of Rochester,* 6 Wend. 564 ; *Heyward, Petitioner,* 10 Pick. 358.

Indeed, in order to render an intelligent decision in a case like the one before us, it becomes a matter of necessity to examine the evidence, as to jurisdictional facts, in order to determine whether the tribunal below had any power to grant the license, the record sent up failing to show that the Board of License Commissioners found that the facts existed upon which their jurisdiction depended. The remonstrance

appears of record, but so far as said record discloses, it was entirely disregarded, as no finding was made by the Board in relation thereto, or whether the owners or occupants of the greater part of the land within two hundred feet, had remonstrated or not. But even if we are limited to the evidence disclosed by said record, as to the question of jurisdiction, we are inclined to the opinion that we should still be obliged to hold, that said board was without jurisdiction in the premises, because it appears from said record, that the greater part of the land owners, within the prescribed limits, duly filed their objections to the granting of said license, and it does not appear therefrom that said remonstrance was acted upon or its sufficiency questioned by said License Commissioners. In other words, nothing appears in the record to rebut or contradict the facts set out in said remonstrance, and said record therefore *of itself*, shows *primâ facie*, that said Board had no jurisdiction to grant said license. But however this may be, it is the well settled practice of this court on *certiorari* to receive and examine evidence, as to the jurisdiction of inferior tribunals like the one now before us. *Dexter* v. *The Town Council of Cumberland*, 17 R. I. 222. See also rescript in *R. I. Soc. for Encouragement of Domestic Industry* v. *Town Council of Cranston*, decided at the October Term, 1890.

In *Peoples Savings Bank* v. *Wilcox*, 15 R. I. 258, where the question arose, as to whether, when an inferior tribunal has jurisdiction under particular circumstances, its decision that the circumstances exist, ought to be as conclusive, until set aside in some direct proceeding, as its decision on any other question of fact in the case, the court, Durfee, C. J., delivering the opinion, said: "How upon principle can a court acquire jurisdiction by simply deciding that it has it, when the circumstances which are necessary to give it do not exist? We have come to the conclusion, after much consideration, that the rule applicable to courts of limited jurisdiction, which is the better established on principle and authority, is this: That, where the jurisdiction depends on some collateral fact which can be decided without going into

the case on its merits, then the jurisdiction may be questioned collaterally and disproved, even though the jurisdictional fact be averred of record, and was actually found upon evidence by the court rendering the judgment." \* \* \* \* \* \* "But on the other hand, where the question of jurisdiction is involved in the question which is the gist of the suit, so that it cannot be decided without going into the latter question, then the judgment is collaterally conclusive, because the question of jurisdiction cannot be retried without, partly at least, retrying the case on its merits, which is not permissible in a collateral proceeding."

The case at bar comes clearly within the rule thus laid down by this court, it being one in which the jurisdiction of the tribunal below depended on a collateral fact which can be decided without going into the case on its merits.

In *Joiner* v. *Winston*, 68 Ala. 129, it was held that the existence of a jurisdictional fact or its determination will not be presumed from the exercise of jurisdiction, nor can it be inferred by argument from other recitals. See also *Wightman* v. *Karsner*, 20 Ala. 446, 451; *Kane* v. *Desmond*, 63 Cal. 464, 467; *Galpin* v. *Page*, 18 Wall. 350; *Harrington* v. *The People*, 6 Barb. S. C. 607.

We therefore decide that the Board of License Commissioners of the Town of Cumberland had no jurisdiction to grant the license in question; that its proceedings therein were erroneous and must be quashed.

*Order accordingly.*

*Albert A. Baker*, for Lonsdale Co.
*Thomas J. McParlin*, for McGinn.
*Edwin Aldrich*, for License Commissioners.