STATE ex rel. STEPHENS, Appellant, v. COSTELLO et al., Respondents.

(153 N. W. 910.)

(File No. 3684.    Opinion filed August 7, 1915.)

**Certiorari—Intoxicating Liquors—License Election—Petition for License—Jurisdiction—Evidence Dehors Record, Admissibility.**

Where the record of an election to determine whether intoxicating liquors should be sold, and of a petition for permit to sell, showed upon its face that the petition for the permit was signed by a sufficient number of voters, and there was nothing on the face of the return to the writ of certiorari to show that any petitioners on the petitions were not legally qualified signers, nor that the members of the license board, who passed upon their sufficiency, were among the signers, **held,** that, as in certiorari proceedings the case is determinable on the record appearing from return of writ, and matters outside the record will not be considered to determine whether the action of the inferior board is warranted by the facts, while, for the purpose of enabling the reviewing court to ascertain whether jurisdictional facts were established, it will require return of the evidence upon which such facts were based, which evidence is that which was presented to the inferior tribunal and upon which it based its determination, yet evidence dehors the record, offered to rebut the return and to show that the petitions did not contain the requisite number of signers, and that the inferior board acted without authority, is inadmissible.

Appeal from Circuit Court, Beadle County.    Hon. ALVA E. TAYLOR, Judge.

Certiorari by the State, on the relation of R. W. Stephens, against Thomas Costello and others, to bring up a record pertaining to a liquor license election, and to a petition for permit to sell intoxicating liquors.    From a judgment quashing the writ and dismissing the proceedings, the relator appeals.    Affirmed.

*Crawford & Warren,* for Appellant.

*Null & Royhl,* for Respondents.

Appellant cited:   Section 2857, Pol. Code; Ch. 167, Laws of 1903; People v. Lawrence, 36 Barb. 177; People v. Van Alstyne, 32 Barb. 131; People v. Tubbs, 59 Barb. 401; Buckley v. Drake, 9 Civ. Proc. R. 336; Barnett v. Fisher, (Com. Pl.) 5 Pa. Dis. R. 277; State v. Board of Alderman of City of Newport, (R. I.) 28 Atl. 347; Lonsdale Co. v. Board of License Commissioners of Cumberland, (R. I.) 25 Atl. 655; Dexter v. Town Council of Cumberland, (R. I.) 21 Atl. 347; Stumpf v. Board of Sup'rs. of San Luis Obispo County, (Cal.) 63 Pac. 663; 6 Cyc. 831; 4 Standard Proc., 941, 946.

Respondents cited:   Fore v. Fore, 44 Ala. 478; Alexander v. Archer, 24 Pac. Rep. 373, (Nev.); Miller v. McCullough, 21 Ark. 426; North v. Joslin, 59 Mich. 624; Tewksbury v. Commissioners, 117 Mass. 563; Barclay v. Bradston, 49 N. J. L. 629; Emery v. Brann, 67 Me. 39; Lees v. Drainage Commissioners, 125 Ill. 47; People v. Talmage, 46 Hun, 606; State v. Kemen, 61 Wis. 494; Hannibal & St. J. R. R. Co. v. State Board, 64 Mo. 296, 23 Am. St. Rep. 108; Stevens v. Somerset County Commissioners, (Me.) 53 Atl. Rep. 985; Pike v. Herriman, 39 Me. 52; Emery v. Brann, 67 Me. 39.

POLLEY, J.   The defendants in this action are members of the board of trustees and the clerk of the town of Cavour.   At the annual town election, the question, "Shall intoxicating liquors be sold at retail," was submitted to the voters of the town.   A majority of such voters voted in the affirmative.   Thereafter a resident of the town filed an application with the town board asking for a permit to engage in the retail liquor business; also, a petition, purporting to be signed by 23 residents of the town, certifying to the good character of the applicant and asking that the application be granted.   The application was granted, and plaintiff, deeming such petition insufficient to give the board of trustees jurisdiction to act in the premises, sued out a writ of certiorari from the circuit court of Beadle county directed to defendants and ordering them to certify up the record pertaining to said election and permit to sell intoxicating liquors, to the end that the same might be inquired into and that said permit might be canceled and annulled in case it was found that said

board had acted without authority in granting the same. On the return day fixed in said writ, defendants made answer accompanied by a transcript showing all of the proceedings on which they had acted in holding said election and granting said permit. This return on its face showed that all of the steps requisite to the granting of a permit to sell intoxicating liquors had been taken and that said board was fully authorized in granting the same. Plaintiff then, for the purpose of showing that, as a matter of fact, the said board did act without authority, offered to prove, by evidence outside of the record, that neither the petition asking for the vote on the license question nor the petition for the permit to sell intoxicating liquors contained the names of the requisite number of qualified signers, and that the defendants who constituted the board of trustees and who passed upon the sufficiency of said petitions were themselves signers on said petitions. This offer was objected to by defendants on the ground that extrinsic evidence is not admissible in certiorari proceedings, but that the matter must be decided upon the record itself. This objection was sustained, and the rejection of this testimony by the trial court was excepted to by plaintiff and is now relied upon as reversible error.

The rule is well established that in certiorari proceedings the case is to be determined upon the record as it appears from the return to the writ, and that matters outside the record will not be considered to ascertain whether the action of the inferior board or tribunal is warranted by the facts or not. While recognizing this general rule, appellant contends that, for the purpose of determining whether such board or tribunal was acting within its jurisdiction, extrinsic evidence may be received. This contention is based upon what is said in certain cases, notably Lonsdale Co. v. Commissioners, 18 R. I. 5, 25 Atl. 655; Stumpf v. Board of Supervisors, 131 Cal. 364, 63 Pac. 663, 82 Am. St. Rep. 350; and Schwarz v. Superior Ct., 111 Cal. 106, 43 Pac. 580—cited in appellant's brief. But, from a careful reading of these cases, it is apparent that they will not bear the construction put upon them by appellant. In these cases the doctrine is announced that, for the purpose of enabling the reviewing court to ascertain whether jurisdictional facts were established, it will require the return of

the evidence upon which such facts are based; and in Stumpf v. Board, supra, it is said:

"Upon certiorari, though the inferior tribunal is required to certify only matters of record, yet, if the jurisdictional facts do not appear of record, it must certify not only what is technically denominated the 'record,' but such facts, or the evidence of them, as may be necessary to determine whatever question as to the jurisdiction of the tribunal may be involved."

The evidence referred to, though, is the evidence that was presented to the inferior tribunal and upon which it based its determination, and not additional evidence that may be presented to the reviewing court. This doctrine, however, is not universal, as some courts will not consider the evidence that was acted upon by the inferior tribunal but only the record proper. In State v. Common Council, 53 Minn. 238, 55 N. W. 118, 39 Am. St. Rep. 595, the Supreme Court of Minnesota said:

"Some courts, restricting the writ to its original common-law office, hold that it brings up for review only the record, and not the evidence, and hence that they will not look into the evidence at all, but merely inspect the record, to see whether the inferior tribunal had jurisdiction, and had not exceeded it, and had proceeded according to law, or, as expressed in one case, whether the tribunal 'had kept within its jurisdiction, or whether the cause assigned was a cause for removal under the statute.' Other courts hold that the evidence may be brought up, not for the purpose of weighing it, to ascertain the preponderance, but merely to ascertain whether there was any evidence at all to sustain the decision of the inferior tribunal—whether it furnished any legal and substantial basis for the decision. The latter is the doctrine of this court as to the office of the writ of certiorari."

In 5 R. C. L., at section 16, (P. 264) the rule is stated as follows:

"The writ of certiorari, as a general rule, brings up for review only the record proper of the tribunal to which it is addressed and not the evidence. But if it becomes necessary for the court of review to be put in possession of the facts upon which the court below acted, and which are not technically of record, it is competent to require the lower court to certify such facts in its return to the writ, and this statement of facts will then be a part

of the record. And, where the jurisdictional facts do not appear of record, the lower court must certify not only what is technically denominated the record, but such facts, or the evidence of them, as may be necessary to determine whatever question as to the jurisdiction of the tribunal may be involved. It may be stated as a universal rule, however, that, as the province of the writ of certiorari is to review a record of an inferior court, board, or tribunal, and to determine from the record whether such court, board ,or tribunal has exceeded its jurisdiction, evidence dehors the record, and, contradicting it, is not permitted in the absence of statutory authority."

In this case, there was nothing upon the face of the return to show that any of the petitioners on said petitions were not legally qualified signers, nor was there anything to show that the members of the board, who passed upon the sufficiency of the said petitions, were among the signers thereon. The mere fact that said petitions contained names simliar to the names of the members of the board does not prove that they are identical. There was no application by plaintiff requesting that defendants be directed to make a further or amended return showing what, if any, evidence was before the board when considering said petitions, nor that they certify up the facts upon which they based their conclusions. The matter of holding the election and acting upon the petition for the permit were matters within the general jurisdiction of the board. It appeared from the return that sufficient petitions had been filed and that all steps necesary to authorize the granting of the permit had been taken; and, as extrinsic evidence was incompetent to impeach or contradict the said return, the writ was properly quashed and the proceeding dismissed.

The judgment appealed from is affirmed.