CLARK et al, Appellants, v. COUNTY OF BEADLE et al, Respondents.

(170 N. W. 518).

(File No. 4316. Opinion filed January 20, 1919.)

Appeals—Error—Enjoining County Re Bridge Contract—Appeal After Contract Executed, Whether Moot Appeal—Former Opinion Adhered To.

On rehearing, former opinion (40 S. D. 597, 169 N. W. 23), holding that the completion of the bridge contract, the construction of which was sought to be enjoined, after appeal taken from the judgment herein, did not render the appeal subject to dismissal as being moot, adhered to. The intimation in former majority opinion that the pleadings herein might be amended to change the action from an equitable action to one at law for damages, is withdrawn.

Respondents cited:

For former opinion, See 40 S. D. 597, 169 N. W. 23.

*A. W. Wilmarth,* for Appellants.

*A. A. Chamberlain,* and *Gardner & Churchill,* for Respondents.

Horrabin v. Iowa City (Ia.), 130 N. W. 150; S. C., 142 N. W. 212.

GATES, J.  On rehearing of 169 N. W. 23.  The dissenting opinion upon the former hearing of the motion to dismiss the appeal, and respondents' brief upon the rehearing, rest upon the following partially italicized portion of such dissenting opinion, viz.:

"Any judgment this court might now render would be ineffectual for any purpose, *since the right to injunctive relief—the only relief sought and the only relief which would ever have been possible under any view of the pleadings—has now ceased to exist.*"

The relief sought by the complaint was based upon the alleged noncompliance with certain important provisions of law with reference to the making of bridge contracts.  The trial court found that there had been a substantial compliance by the bridge company and the county board with such provisions of law, and rendered a conclusion of law that the plaintiffs as taxpayers were not damaged by the letting of the contract and that the contract was valid and binding.

Therefore the facts found, the conclusions of law rendered, and the judgment entered (the relief actually granted), would render res judicata any attempt by the county of Beadle to recover from the bridge company the excess, if any, of the amount paid over the quantum meruit, if this appeal were dismissed, and would also render res judicata any attempt by the taxpayers for relief thereunder.  The questions raised by the appeal are therefore not moot.  The legal proposition above quoted and the authorities cited by respondents are not in point.

Our sister state has recently had a similar matter before it, and in denying a motion to dismiss an appeal as moot in Froemke v. Parker (N. D.) 169 N. W. 80, said:

"If the matter had become a moot question, then a reversal of the judgment could not affect the rights of the parties."

Here a reversal of the judgment would certainly affect the rights of the parties, therefore the questions before us on the merits of the appeal are not moot.

It was not necessary to intimate in the former majority opinion that the pleadings in this action might be amended so as to change it from an equitable action to an action at law for damages, and such portion thereof is withdrawn.  As so modified, we

adhere to such opinion.    The motion to dismiss the appeal is
denied.

McCOY, J., dissents for all the reasons appearing in the
former reported opinions in this case.