SAVE CENTENNIAL VALLEY ASSOCI-
ATION, INC., a South Dakota Corpora-
tion, Frawley Ranches, Inc., a South Da-
kota Corporation, and Henry J. Frawley,
Jr., Plaintiffs and Appellants,

v.

R. Earl SCHULTZ, Boyd E. Larson, Henry
Lasher, John Cox and Wallace Furze, as
Members of the Board of County Com-
missioners for Lawrence County, South
Dakota, and Julian J. Wolff, Fred A.
Wolff, John E. Hinker, Clarence Rath
and Merle Meier, doing business as
Black Hills Forest Acres, a Partnership,
Defendants and Respondents.

No. 12526.

Supreme Court of South Dakota.

Oct. 17, 1979.

Rehearing Denied Nov. 27, 1979.

Reed C. Richards of Richards & Richards, Deadwood, for plaintiffs and appellants.

Dale L. Morman of Morman, Smit, Shepard & Hughes, Sturgis, for defendants and respondents Black Hills Forest Acres, a partnership.

Craig Grotenhouse, Lawrence County State's Atty., Deadwood, for defendants and respondents the Board of County Commissioners for Lawrence County, South Dakota.

ULRICH, Circuit Judge.

This case involves a zoning determination made by the Lawrence County Board of County Commissioners concerning the approval of a residential subdivision plat which had been submitted to the Commission by Black Hills Forest Acres.

The parties involved in this appeal are the Lawrence County Board of County Commissioners (Commission); Black Hills Forest Acres, a partnership composed of South Dakota residents (Black Hills); Save Centennial Valley, Inc., a South Dakota corporation comprised of farmers, ranchers and other individual taxpayers; Frawley Ranches, Inc., a South Dakota corporation which is an adjoining landowner to land owned by Black Hills Forest Acres; and Henry J. Frawley, Jr., who is chairman of Save Centennial Valley, Inc., president of Frawley Ranches, Inc., and an individual rancher and taxpayer in Lawrence County who also owns real property adjoining that of Black Hills Forest Acres.

In the summer of 1977, Black Hills had prepared and submitted to the Lawrence County Planning and Zoning Commission a proposed plat for a residential subdivision to be located in Lawrence County in an area known as Centennial Valley. The plat provided for the subdivision of approximately 80 acres of land into 36 residential lots. After review of the proposed plat, the Planning and Zoning Commission submitted it to the Commission for approval. The Commission approved the plat over the objections of the appellants. Appellants then commenced proceedings in circuit court seeking remedies in the forms of injunctive relief, declaratory relief, mandamus and certiorari. The trial court, after having determined that appellants were without an adequate and speedy remedy at law, decided to treat the action as one founded in certiorari and dismissed appellants' requests for injunctive relief, mandamus and declaratory relief. No appeal was taken from these orders of dismissal.

Under the writ of certiorari, appellants argued in the circuit court that the Commission, in approving the plat, had failed to regularly pursue its authority and urged the court to vacate and set aside the Commission's actions on five grounds. First, that the Commission neglected to require a change in zoning before approving the plat; second, that no notice of the hearing at which the plat was approved was given to the general public or the adjoining landowners; third, that no environmental im-

pact statement was furnished along with the proposed plat; fourth, that no notice was furnished to the State Board of Cultural Preservation; and fifth, that the plat, as approved, did not meet various requirements of the county's zoning ordinances. The trial court, after review of the record as returned by the Commission, found that the Commission had jurisdiction of the subject matter and had regularly pursued its authority in approving the plat in relation to the first four allegations. The trial court further found that the Commission had failed to regularly pursue its authority in relation to the fifth allegation and, based on this finding, entered judgment setting aside the Commission's action. This appeal is taken from those portions of the judgment denying appellants relief.

Since this matter was submitted on certiorari, our scope of review is confined to questions touching the jurisdiction of inferior courts, officers, boards, and tribunals, and to the question whether such inferior courts, officers, boards, and tribunals have regularly pursued the authority conferred upon them. SDCL 21–31–1, 21–31–8. When such courts, officers, boards, or tribunals have jurisdiction over the subject matter and of the party, their action will be sustained unless in their proceedings they did some act forbidden by law or neglected to do some act required by law. *State v. State Board of Assessment and Equalization*, 3 S.D. 338, 53 N.W. 192 (1892). Under certiorari we will not consider matters outside the record. *State v. Costello*, 36 S.D. 76, 153 N.W. 910 (1915).

> Certiorari will not as a rule lie to correct mere errors and irregularities in the exercise of jurisdiction by an inferior court or tribunal which had jurisdiction. It will not lie to review technical lack of compliance with law or be granted to correct insubstantial errors which are not shown to have resulted in prejudice or to have caused substantial injustice to the relator.

14 Am.Jur.2d Certiorari § 10, p. 786 (footnotes omitted).

Appellants do not, as we understand their brief, dispute the fact that the Commission had jurisdiction over the subject matter and the parties and was vested with the power to regulate matters of zoning in Lawrence County. Rather, appellants contend that in the exercise of the power the Commission did not regularly pursue the authority with which it was clothed and thereby exceeded its jurisdiction and rendered its action void. Appellants contend that the authority or jurisdiction of the Commission is derived and regulated by statute and the provisions of the county's comprehensive planning and zoning plan and that the Commission must strictly comply with these provisions in regulating matters of zoning. Appellants argue that any deviation from the statutory regulations or the mandates of the comprehensive plan is an act in excess of jurisdiction which renders such act void. The question therefore presented for our decision is whether the Commission exceeded its jurisdiction in approving the plat; or, stated differently, did it fail to regularly pursue its authority?

Before examining the record of this action, we find it necessary to comment on two of respondents' contentions: First, that the matter is moot; and second, that appellants are not entitled to appeal, since they were successful in the trial court in having the plat vacated. We disagree with both contentions.

With respect to the question of mootness, counsel for respondent Commissioners stated during oral argument before this court that since the commencement of this appeal the Commission has approved a subsequent plat for the residential subdivision in question. Counsel's argument seems to be that this subsequent plat met the various zoning ordinance requirements that were absent in the initial proceedings before the Commission. Respondents contend that it would now be impossible to grant appellants effective relief because of this subsequent action by the Commission, even if this court should decide the appeal in favor of appellants. No written motion has been made by respondents on this issue, nor has any record of the Commission's proceedings been offered to us in support of this request.

In response, appellants argue that if the judgment is permitted to stand unreversed they will suffer a loss of substantial rights. Appellants state that a dismissal of this appeal would have the effect of affirming the judgment finally determining that the relief sought cannot be granted. Appellants contend that if those portions of the judgment from which this appeal is taken are reversed and cannot be pleaded as res judicata, the court could then deal with the parties as they stood at the time the action was commenced and compel respondents to rescind that which was wrongfully done.

■ It is a well-settled rule that an appellate court should not retain an appeal merely to decide a moot question. *Zimmerman v. Bohr,* 72 S.D. 78, 30 N.W.2d 4 (1947); *Dickson v. Lord,* 58 S.D. 643, 238 N.W. 21 (1931); *Clarke v. Beadle County,* 40 S.D. 597, 169 N.W. 23 (1918), *aff'd,* 41 S.D. 329, 170 N.W. 518 (1919). If, by reason of lapse of time, circumstances have changed so that the appellate court cannot render a judgment which can be made effective, the appeal must be dismissed. *Vale Independent School District No. 28 v. Smeenk,* 85 S.D. 182, 179 N.W.2d 117 (1970); *State v. City of Veblen,* 56 S.D. 394, 228 N.W. 802 (1930). When, however, it appears that the judgment, if left unreversed, will prejudice a party against whom it is rendered as to a fact vital to his rights, it cannot properly be called a moot question. *Clarke v. Beadle County,* supra. Before this court will dismiss an appeal upon the grounds that the questions involved have become moot it must appear clearly and convincingly that actual controversy has ceased; it must appear that the only judgment which could be entered would be ineffectual for any purpose and would be an idle act so far as concerns rights involved in the action. *City of Plankinton v. Kieffer,* 69 S.D. 597, 13 N.W.2d 298 (1944); *City of Brookings v. Martinson,* 60 S.D. 127, 243 N.W. 915 (1932); *Smith v. Lyle,* 54 S.D. 385, 223 N.W. 318 (1929). Absent such a clear and convincing showing, this court will not dismiss an appeal for mootness. Here there has been no showing that the actual controversies have ceased. It further appears to us from an examination of the record that if appellants are correct in their assertions that the trial court erred in its judgment, they would suffer a substantial loss of their rights if the judgment was left unreversed. For both of these reasons, we feel that the appeal should not be summarily concluded on the motion to dismiss.

■ With respect to the second contention relied upon by respondents, we held in the recent decision of *Miller v. Scholten,* 273 N.W.2d 757 (S.D.1979), that the prevailing party in the lower court adjudication may be a party aggrieved if the adjudication is prejudicial to him. Where a party in the lower court has requested the relief the evidence proves he is entitled to, it is error for the trial court to refuse such relief. A determination whether appellants have been prejudiced necessarily requires a review of the record.

The first contention of appellants that we will consider is whether a change in zoning was required before the plat was approved.

At the outset, it is noted that the Commission has no inherent power to enact a zoning ordinance. Its authority to do so arises from statute. The legislature has expressly delegated to county commissions the power to regulate matters of zoning. SDCL 11–2. This enabling legislation provides for the appointment of a county planning and zoning commission, which has the duty of preparing a comprehensive plan for the county and to develop official controls for the implementation of the plan. SDCL 11–2–2, 11–2–11. Once the plan has been developed by the planning commission, it is the duty of the county commission to conduct a public hearing on the plan and, after such hearing, to submit the question of adoption or rejection of the proposed plan to a vote of the board of county commissioners. SDCL 11–2–19, 11–2–20. If the plan is adopted by the board of county commissioners, it is the duty of the Commission, by resolution, to publish notice of the plan and to implement its use. SDCL 11–2–21. The regulations, restrictions, and boundaries, or enforcement provisions in

the comprehensive plan as adopted may, from time to time, be amended, supplemented, changed, modified, or repealed by action of the Commission or by request of thirty percent of the landowners in the district or districts requesting a change. SDCL 11–2–28. If a change in the plan is proposed either through a request of the Commission or by petition of the landowners, the planning commission shall hold a public hearing on the proposal not less than fifteen days after notice has been publicized. SDCL 11–2–29. After the required hearing the planning commission shall make its recommendations to the Commission. The Commission shall thereafter, by resolution, either adopt or reject the proposed change. SDCL 11–2–30.

Lawrence County adopted a comprehensive planning and zoning plan in 1976. This plan, which was in effect at the time this action was commenced, not only assigns different zoning districts to the entire county but also assigns specific permitted or conditional uses to each district. Among these classifications are A–1 general agriculture and suburban residential districts. The 80-acre tract in question is situated in a district classified as A–1 general agriculture.

Section 3.1.1 of the plan, which defines the purpose of the A–1 general agriculture district, states:

> The intent of the A–1 General Agriculture is to provide a district that will: (1) allow suitable areas of Lawrence County to be retained in agricultural uses, (2) prevent scattered nonfarm development, and (3) secure economy in governmental expenditures for public services, utilities and schools.

Section 3.1.2 provides, in part, for the permitted principal and accessory uses and structure in the A–1 general agriculture zone as

> Property and buildings in the A–1 Agricultural District shall be used only for the following purposes:

> A. Agricultural uses such as general farming, pasture, grazing, horticulture, viticulture, truck farming, forestry, and wild crop harvesting, including roadside stands exclusively for the sale of produce, plant nurseries, but excluding commercial feed lots.

> B. Detached single-family dwellings including trailer houses or mobile homes.

Section 3.3.1 describes the suburban residential district as

> intended to be used for single-family residential development with low population densities. Additional permitted uses, by review of the County Board, include related noncommercial, recreational, religious and educational facilities normally required to provide the basic elements of a balanced and attractive residential area.

Section 3.3.2 provides, in part, for the permitted principal and accessory uses and structures in the suburban residential district as

> property and buildings in an SRD District shall be used only for the following purposes:

> A. Detached single-family dwellings but not including trailer houses or mobile homes unless placed on a permanent foundation. The temporary parking of trailers is permitted and is not to exceed six (6) months.

In addition to these district classifications and definitions, Sections 5.9.1 and 5.9.2 of the plan provide for the methods of amending or changing any current regulation, restrictions and boundaries set forth in the plan. These sections basically recite the same requirements of the enabling legislation contained in SDCL 11–2–28 through SDCL 11–2–30.[1]

---

1. Section 5.9.1 provides:

   The regulations, restrictions and boundaries set forth in this Ordinance may from time to time be amended, supplemented, changed or repealed, provided that no such action may be taken until after a public hearing in relation thereto, at which parites [sic] in interest and citizens shall have an opportunity to be heard. At least 15 days notice of the time and place of such hearing shall be published

The Commission, in approving the plat, determined that Section 3.1.2(B) of the comprehensive plan, which provides for "detached single-family dwellings," would allow the residential subdivision to be located in the agricultural zone and that no change of zoning was necessary.

The trial court ruled that the definition "detached single-family dwellings" as found in Section 3.1.2 could be interpreted by the Commission to allow the residential subdivision to be located in the A–1 general agriculture zone. The trial court also ruled that the interpretation of the phrase "detached single-family dwellings" was a matter within the Commission's discretionary authority and concluded that the Commission's interpretation would not be disturbed under the certiorari proceeding. With this ruling we disagree.

We do not agree with the finding of the circuit court that the phrase "detached single-family dwellings" as found in Section 3.1.2(B) of the comprehensive plan would permit the proposed subdivision to be located in the agricultural district. In interpreting the meaning of Section 3.1.-2(B), the intent of the legislature must be ascertained from the purpose of the legislation. The purpose of the zoning districts is to be gathered from the whole act, and where a word or term is susceptible to two constructions, a meaning must be ascribed which carries out the purpose of the act. *Western Surety Co. v. Mydland,* 85 S.D. 172, 179 N.W.2d 3 (1970). Here the purpose of the agricultural district is clearly stated in the plan itself, that being to allow suitable areas of the county to be retained in agricultural uses and to prevent scattered non-farm development. We feel that by expressly assigning residential subdivision activities to suburban residential districts, the voters of Lawrence County have restricted such activities to suburban residential dis-

tricts only and by necessary inference have expressed an intent that similar activities not be carried on in any other area. By restricting such activities, the voters have restricted the power or authority of the Commission to interpret and apply the law. The Commission is limited in its power of free decision or latitude of choice within the bounds of the clear meaning of the comprehensive plan. Stated differently, the power to decide matters of zoning, which by necessity may include the power to exercise discretion, is not synonymous with the power to disregard the mandates of the enabling legislation and the comprehensive plan. We find that by disregarding the clear intent of the comprehensive plan, the Commission acted in excess of its jurisdiction. The residents of the county have a right to rely on the protections afforded by the plan, and the adjacent landowners in this case have a right to expect that residential subdivisions will be confined to residential districts and not be allowed in agricultural districts. We conclude that the trial court erred in finding that the Commission may, as a matter of discretion, disregard the clear intent of the comprehensive plan in allowing a residential subdivision to be located in the agricultural zone. To reach a contrary conclusion would deprive the residents of their substantial rights and would render the entire concept of county zoning superfluous and meaningless.

Having determined that in disregarding the clear intent of the comprehensive plan the Commission exceeded its jurisdiction in approving this plat, we hold that a change in zoning is required before permitting the subdivision to be located on the eighty-acre site. Both the enabling legislation and the comprehensive plan are specific in setting out the procedures to be followed to effectuate a change in the comprehensive plan. Both require notice and hearing prior to the

---

in the newspapers of general circulation in the County.
Section 5.9.2 provides:
When a proposed amendment affects the zoning classification of property and, in case a protest against such change is signed by the owners of 20 percent or more, either of

the area of the lots included in such proposed change or of those immediately adjacent thereof extending 500 feet from the nearest property line, then such amendments shall not become effective except by the favorable vote of the County Board of Commissioners.

acceptance of any change. SDCL 11–2–29; Section 3.9.1. These provisions are mandatory and may not be disregarded by the Commission. Any action by the Commission in attempting to allow the subdivision to be located in the agricultural zone which does not comply with the legislative mandates is an act in excess of its jurisdiction.

We reverse the judgment of the trial court which holds that no change in zoning was required by the Commission prior to approving the residential subdivision plat.

With respect to the remaining assignments of error, which deal with the requirements of an environmental impact statement and notice to the Board of Cultural Preservation, we affirm the judgment of the trial court. Under certiorari the only issues that we may consider are whether the Commission had jurisdiction to approve the plat and whether it regularly pursued its authority in doing so. We find both of these issues to be beyond the scope of judicial review in this proceeding.

All the Justices concur.

ULRICH, Circuit Judge, sitting for HENDERSON, J., disqualified.