[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Vincent A. Berretto, Jr. applied to the Town of Bristol for a Class B alcoholic beverage license for use with a building located at 195 Franklin Street, Bristol. After an appropriate hearing, the license was granted May 11, 1988. This appeal to the Liquor Control Administrator followed.
A "de novo" hearing before the Administrator was held August 15, 1988. Present were Mr. Berretto, his attorney, the attorney for the "objectors", 2 "objectors", and the attorney for the Town of Bristol.
The applicant testified and was cross-examined. Counsel for the "objectors" offered into evidence a plat plan which was drawn by Frank A. Waterman, a registered land, which appears to have been prepared using the Tax Assessor's Map, upon which a rectangle was superimposed which, by inference, was the building upon the lot. There was no evidence presented as to the size and location of the building upon the lot. The 200 foot radius drawn upon the plan was a 200 foot radius from the corners of the lot, and not from the corners of the building as required by § 3-7-19
of the General Laws which states:
Objection by Adjoining Property Owners
. . . Retail Class B, C and I Licenses under this Chapter shall not be issued to authorize the sale of beverages in any building where the owner of the greater part of the land within two hundred feet of any point of that building shall file with the body or official having jurisdiction to grant licenses, their objection to the granting of the license. . .
Counsel for the objectors also filed a petition purportedly signed by approximately 115 owners or residents of the Franklin Street area (195 Franklin Street is the location for which the license was sought) who objected to the license using the following language.
 "We the undersigned owners — residents of the Franklin Street area hereby express our opposition to the granting of a Class BV intoxicating beverage license to Vincent A. Berretto, Jr. at 195 Franklin Street on the grounds that such a license granted to an establishment next to one already possessing a BV License would create serious parking and traffic congestion causing hardship and inconvenience to the undersigned. Further, such an establishment by offering entertainment as well as dispensing liquor would be a serious infringement upon the peace and tranquility of the undersigned residents."
The Administrator declined to accept as evidence either the plot plan, with a list of "abutters", as not complying with the statute or the petition because she believed that the signatories may well have been led astray by the reference to entertainment, when an entertainment license was not requested and had nothing to do with the pending application.
It should be noted that counsel for the "objectors" indicated he had two persons to testify but after the rulings by the Administrator, elected not to have them testify, nor did he make an offer of proof. The two people, who counsel named, were named as complainants, had ostensibly signed the petition and were listed as "abutters" within 200 feet of the four corners of the land which was the subject of the application.
The Administrator's ruling as to the plot plan and list of abutters was correct, on the state of the record. There was no evidence that the outline of the building or the list of abutters was correct. Counsel for the "objectors" stated that he verified the information but his statements are not evidence and unless other counsel agreed as to the accuracy of the information, there was no proper foundation for their admission.
As to the petition signed by "objectors", there was no indication that the "objectors" were against the license per se or the incorrectly assumed entertainment portion of the objection. While it is correct, as argued by the "objectors", that there need be no reason given to object to the license, if one is given and it is inappropriate, the objection fails.
The objectors further argued that the petition was sufficient to deny the license; that the objectors need not appear in person to pursue their objection, relying on Lonsdale Company v. Boardof License Commissioners of the Town of Cumberland, 18 R.I. 5
(1892) where the court stated.
 ". . . we see no reason why said owner or occupant may not object to the granting of a license by his agent, as well as in person, there being nothing in the law which requires the party in interest personally to object or personally appear at the hearing . . ." (at page 10).
The difficulty with the "objectors" position is that no
person testified at the hearing whether as an "objector" or as an agent for an objector in reference to denying the license. Since the petition had no proper foundation, it was properly inadmissible and the record is devoid of probative evidence in opposition to the license.
For the above reasons, the appeal is denied and dismissed, and the action of the Administrator in approving the issuance of the license is affirmed.