### BAILEY v. LAWRENCE COUNTY, *et al.*

1. To entitle a party to a writ of *mandamus*, he must have a clear legal right to have a service performed by the party to whom he seeks to have the writ directed. *Mandamus* will only issue to compel action when the right of the relator is clear.
2. A county treasurer is not justified in paying interest coupons out of any other than specific funds raised for that purpose, and in his hands, until the board of commissioners of the county have issued an order upon him to do so.

(Syllabus by the court. Opinion filed March 2, 1892.)

Appeal from circuit court, Lawrence county. Hon. CHARLES M. THOMAS, Judge.

*Mandamus* to compel defendant to pay certain interest coupons. Defendant answered, denying validity of the bonds and coupons. Judgment for plaintiff. Defendant appeals. Reversed.

The facts are fully stated in the opinion.

*W. G. Rice*, for appellant.

*Mandamus* being an extraordinary remedy will not be granted when there is an adequate remedy at law. State v. McCrillus, 4 Kas. 214; Id. v. Bridgman, 8 Kas. 459; Bresler v. State, 26 N. W. 825; Hobershaw v. Sears, 19 N. W. 413; State v. City, 9 N. W. 607; High's Ex. Leg. Rem. § 36; State v. Burbank, 22 La. 298; Id. v. Dubucht, 24 La. 16; Mayor v. Stoll, 52 Md. 435; § 696, Code Civ. Proc. In the United States courts the plaintiff must first obtain judgment before *mandamus* will lie. Butte v. Wing, 13 Wall. 244; Henie v. Board, 19 Wall. 655.

*Van Cise & Wilson*, for respondents.

The special pleas of the defendant are insufficient. Cummings v. Lawrence, 46 N. W. 182; *Mandamus* will lie in the case at bar. Carpenter v. Loucks, 28 Cal. 68; Merced v. Fremont, 7 Cal. 130; Fremont v. Crippen, 10 Cal. 211; Adriance v. Supervisors, 12 How. Pr. 226; People v. State, 24 Mich. 468; Coms. v. Coms., 32 Pa. St. 218; Hardcastle v. Railroad, 53 Ill. 424; McCauley v. Brooks, 16 Cal. 11. That the officer acts on advice of counsel, or on his own opinion of the law, is not a good defense, if erroneous. Thomas v. Armstrong, 7 Cal. 287; People v. Supervisors, 28 Cal. 430; Ryan v. Hoffman, 26 O. St. 109; Falk v. Strather, 22 Pac. 676; People v. Supervisors, 10 N. Y. Sup. 88. Where the obligation is made payable out of a particular fund and there is money belonging to that fund in the treasury, *mandamus* is the proper remedy. City v. Comm., 90 Pa. St. 498; People v. Mead, 24 N. Y. 114; Id. v. Brown, 55 Id. 180, 185; Portland v. Taylor, 19 Atl. 1086; State v. Treas., 43 Mo. 228; Hospital v. Higgins, 15 Ill. 185; Apgar v. Trustees, 34 N. J. Law, 308; Harvey v. Philbrick, 49 N. J. Law, 374; Lindbury v. Freeholders, 47 N. J. Law, 417; Bryant v. Moore, 15 N. W. 94; State v. Land, 11 N. W. 296; Rush v. Geisey,

19 Pac. 123; Shannon v. Reynolds, 3 S. E. 653; People v. Smith, 43 Ill. 219.

BENNETT, J. This was an action by *mandamus* to compel the board of commissioners and the county treasurer of Lawrence county to pay certain interest coupons which were taken from outstanding bonds of that county, issued under the provisions of the funding act of 1879. The answer to the alternative writ denies the validity of the bonds from which the coupons were detached, and the liability of the county to pay the same. It also denies that at the time of the issuance of the writ, and demand of payment, there were any funds in the treasury of the county subject to the payment of said coupons. It also alleges that the relator has other plain, speedy, and adequate remedies in the ordinary course of law. The facts, as they appear in the petition of the relator and the alternative writ, so far as their statement is necessary to understand the questions presented, are briefly these: That the relator is the owner of certain bonds, and coupons attached, of the county of Lawrence, which coupons became due and payable at the office of the county treasurer of Lawrence county on the 1st day of March, 1888. The amount of such coupons belonging to the relator was in the aggregate $11,460, and they were duly presented to the county treasurer of Lawrence county, at his office in Deadwood, and the payment thereof demanded, which payment was refused by him. That the board of county commissioners of Lawrence county failed to levy and collect a tax as required by the funding act, under which these bonds and coupons were issued, for the years 1887 and 1888. Consequently, there were no specific funds in the hands of the county treasurer with which to pay them. That, at the time of presentation, there was in the treasury the sum of $30,000, belonging to a so-called redemption fund." This is not a fund created by any existing law, but by a resolution of the board of county commissioners of the county, for the alleged purpose of redeeming the outstanding warrants of the county issued prior to July 1, 1887. The money of which it consisted was not raised by any specific tax or levy, but came from the general

fund of the county,—fines, licenses, and various other sources. The law under which these bonds and coupons were issued, provided that "the interest on the bonds issued for funding the outstanding indebtedness of the county shall be held to be a preferred claim against the county, and the same shall be paid before any other claim against the county from the funds in the treasury."

The contention of the relator is that, although the county commissioners failed to levy and collect a tax for the purpose of raising a fund to pay these coupons, the treasurer was under obligations to pay them, on presentation, out of any other funds in his hands belonging to the county. With the view that we have taken of the question arising in the case, it is not necessary to determine whether this contention is correct or not. The facts show two reasons, either one of which is fatal to the issuance of a writ of *mandamus:* (1) The validity of the coupons is contested by the answer of the treasurer. (2) There is a question arising, in the absence of a specific fund in the hands of the county treasurer to pay these coupons, whether it is incumbent upon him to pay them out of other public funds in his hands.

Our statute provides that the writ of *mandamus* may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station. The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. Sections 5517, 5518, Comp. Laws. High, in his Extraordinary Remedies, (Section 36,) says: "The duty whose performance it is sought to coerce by *mandamus* must be actually due and incumbent upon the officer at the time of seeking relief, and the writ will not lie to compel the doing of an act which he is not under obligation to perform. Thus the writ will not go to the treasurer of a municipal corporation, to require payment of money out of a fund not yet in his possession, and to be hereafter received. Such a degree of dilligence not being contemplated by law,

and until the officer has actually received the money, and refused to apply it as directed by law, there has been no failure in the performance of his duty, and consequently no ground for a *mandamus.*" To entitle a party to a writ of *mandamus,* he must have a clear legal right to have a service performed by the party to whom he seeks to have the writ directed. *Mandamus* will only issue to compel action when the right of the relator is clear. The legal right of the party to that which he demands in the writ must be clearly established. These are elementary principles, which hardly need to be stated. People v. Supervisors, 11 N. Y. 563; State v. Kavanaugh, 24 Neb. 506, 39 N. W. Rep 431; Pack v. Supervisors, 36 Mich. 377; Fitch v. McDiarmid, 26 Ark. 482. The validity of the bonds and coupons being controverted, and relator's legal right not being clearly established, the writ cannot be issued until this is done. This is a question for a trial court to determine. But it is said this has been done by the court in the case of Cummins v. Lawrence Co., (S. D.) 46 N. W. Rep. 182. The decision in that case only has binding force upon the board of commissioners before the court at the time of its rendition, and at best could only be a precedent for an adjudication upon the one in the case at bar if brought to our attention in the same manner. But it can hardly be said that that decision established clearly the validity of the bonds and coupons before us now, at the time they were presented for payment to the county treasurer, or at the time the application for the writ was made. The decision in the case of Cummins v. Lawrence Co. was rendered July 25, 1890. The petition upon which the writ of *mandamus* was issued, and the order by the court granting the writ, were dated the 22d day of Janury, 1889—18 months prior to that determination. The rights of the parties must be tested as of the time when the relator was seeking the remedy. *Mandamus* would not lie to compel the payment of these alleged obligations while there was doubt as to their validity or the liability of the county to pay them.

Again, the treasurer would not be justified in paying these coupons out of any other than a specific fund raised for that

purpose, and in his hands, until the board of county commissioners had issued an order upon him to do so; for the statute provides that "all moneys received by him for the use of the county shall be paid by him only on a warrant of the board of commissioners, drawn according to law." The order of the peremptory writ is directed to the treasurer, ordering and requiring him to pay the plaintiff the sum described. If the relator had been entitled under his showing to the writ at all, the court should have directed the board of commissioners to have drawn an order upon the treasurer for the amount, and, on presentation of the order, for the treasurer to have paid the same. If the obligation of the county to pay had been fully established, the payment could only be made, in the absence of a specific fund out of which it should have been paid, in the mode prescribed by the statute. The order and judgment were erroneous, and must be reversed. All the judges concurring.