WOOD, Respondent, v. WAGGONER, et al, Appellants
(293 N. W. 188.)

(File No. 8317. Opinion filed July 8, 1940.)

**Leo A. Temmey,** Atty. Gen., and **Benj. D. Mintener,** Asst. Atty. Gen., for Appellants.

**Doyle & Mahoney,** of Sioux Falls, for Respondent.

SMITH, P.J. This cause originated through an application for a writ of mandamus commanding the State Social Security Commission to convene and approve the application of plaintiff for old age assistance. The learned trial

court granted the writ and the defendants appealed. The appeal presents but a single question on the merits, namely, does the fact that a son-in-law is voluntarily providing plaintiff with subsistence of the character described by the Social Security Act (Chapter 220, Session Laws of 1937, SDC 55.36), foreclose his claim for old age assistance?

Before we reach that question certain preliminary contentions must receive attention.

■■ The Director of Social Security was not made a defendant in this action. Predicated upon that fact appellants contend that the writ should have been quashed because its commands extend beyond the scope of the powers of the Commission and involve those of the Director. We think the express words of the act offer conclusive answer to this contention. Chapter 220, Session Laws of 1937, supra. By section 3 thereof (SDC 55.3603), it is provided "There is hereby created a State Department of Social Security to be administered by a State Social Security Commission * * *." And by section 6 thereof (SDC 55.3604), it is provided "The Commission shall be responsible for the adoption of all policies, rules, and regulations for the government of the State Department and for carrying out such public welfare functions as may be vested in the State Department, and all administrative and executive duties of the State Department shall be discharged by the Director subject to the authority of the Commission. * * *" We think the Commission has power to receive and approve an application and direct the payment of old age assistance in a particular case.

■■ It is next contended that the writ should have been quashed because mandamus will not lie to control the discretion of the State Social Security Commission. It is clear that the action taken by the Department resulted from its construction of the Social Security Act. The issue here is whether the Department misinterpreted the statute. This court is committed to the view that conduct prompted by misconstruction of the law constitutes "arbitrary action" or "abuse of discretion" justifying resort to mandamus, and this contention of appellants must therefore be overruled.

State ex rel. Cook et al. v. Richards, 61 S. D. 28, 245 N. W. 901. Cf. People ex rel. Freeman v. Department of Public Welfare et al., 268 Ill. 505, 14 N. E.2d 642.

█ It is further contended by the appellants that in creating these claims against itself in the nature of gratuities the State intended to withhold the right to resort to the courts and to limit aggrieved applicants to recourse by appeal within the administrative agency it set up. We content ourselves with the observation that the Legislature has not indicated an intention to grant the Department unfettered discretion in dispensing old age assistance, and although it provided for no appeal to the courts from a determination of the Department, we fail to find any indication of an intent to cut off appropriate judicial remedies. Cf. Dismuke v. United States, 297 U. S. 167, 56 S. Ct. 400, 80 L. Ed. 561.

Thus we come to the merits and turn to Chapter 220, Session Laws of 1937 (SDC 55.36), supra, for answer to the question which we have phrased. The pertinent provisions are as follows:

"Section 11 [SDC 55.3608]. Eligibility For Assistance. Assistance shall be given to any person who: * * *

"(d) Has not sufficient income or other resources to provide a reasonable subsistence compatible with decency and health." (Omitting provisions dealing with (a) Citizenship; (b) Age; (c) Residence; (e) Institutional Maintenance; (f) Property Transfers.)

"Section 12 [SDC 55.3609]. Ineligibility For Assistance To The Needy Aged. No person receiving a grant under the provisions of this Act for assistance to the needy aged shall at the same time receive any other public relief from the state or from any instrumentality or political subdivision thereof, except for temporary, medical or surgical assistance.

"Section 13 [SDC 55.3610]. Amount Of Assistance. The amount of assistance which any person shall receive shall be determined with due regard to the resources and necessary expenditures of the individual and the conditions existing in each case and in accordance with the rules and regulations made by the State Department, and shall be sufficient,

when added to all other income and support of the recipient, to provide such person with a reasonable subsistence compatible with decency and health, but shall not exceed a maximum of thirty dollars ($30.00) per month for any one person."

"Section 17 [SDC 55.3612]. Granting Of Assistance. Upon the completion of such investigation, the State Department shall decide whether the applicant is eligible for assistance under the provisions of this Act, and, if eligible, shall determine the amount of such assistance and the date on which such assistance shall begin. * * *"

"Section 20 [SDC 55.3615]. Periodic Reconsideration And Changes In Amount Of Assistance—Continued Absence From State. * * * After such further investigation as the State Department may deem necessary, the amount of assistance may be changed or assistance may be entirely withdrawn if the state agency finds that the recipient's circumstances have altered sufficiently to warrant such action. * * *"

 In the absence of circumstances indicating otherwise, it is to be presumed that the words of the Legislature have been used to convey their ordinary, popular meaning. Hawthorne v. Arlt, 59 S. D. 76, 238 N. W. 153. When the words of section 11, supra, are read in the light of this cardinal canon of construction, the eligibility of applicant for assistance seems certain and the conclusions of the learned trial court seem well founded. That section provides that "assistance shall be given to any person" therein described. It is agreed that plaintiff answers all of the particulars of that description, if he is in fact without "income or resources." Surely popular usage would not describe one wholly dependent on others for his support as having either "income" or "resources" no matter how sumptuous that support. So it appears that the literal meaning of this section supports the interpretation of the act adopted in the trial court. However, in order that manifest legislative intent may be made effective and the revealed spirit of an act may be served, it is necessary, at times, to limit or disregard the literal meaning of some of the words employed. 59 C. J.

961 and 964. The purpose which brought forth the act we are considering is clearly revealed by its provisions. Prompted by the Federal Social Security Act, 42 U.S.C.A. §§ 301-306, the Legislature sought by this act to assure "a reasonable subsistence compatible with decency and health" to the needy aged. Notwithstanding the fact that plaintiff is enjoying such a subsistence as the act seeks to assure those of his class, and the further fact that so far as the record discloses he is not threatened with a discontinuance of that support, it is asserted that the State Department is duty bound to award assistance to the plaintiff. This contention is based upon the words of section 11 to which we have adverted. When, however, the entire act is read in the light of its dominant purpose, we think it will not sustain such an interpretation. True, as we have indicated, when applicant's circumstances are compared with the requirements of eligibility set forth in section 11 he appears to qualify for assistance. However, under the act as a whole more is required before assistance may be granted. Under the provisions of section 13, in arriving at its ultimate determination, the State Department is directed to act with regard for the "resources", "necessary expenditures of the individual", and "the conditions existing in each case", and award the amount required as an addition to all other "income and support" to provide the aged applicant "with a reasonable subsistence compatible with decency and health," but not to exceed "a maximum of thirty dollars ($30.00) per month." Obviously, no amount is required to provide subsistence of the character described for one already receiving such subsistence through voluntary support. A grant to such a one could have no place in a program of relief to the needy, and such an interpretation would clearly outreach the revealed intention and spirit of the act. So we conclude that read as a whole the act requires eligibility, and need for subsistence of the character therein described must co-exist before the duty to grant assistance arises.

This conclusion makes it unnecessary for us to consider whether the interpretation contended for by plaintiff and adopted by the learned trial court renders the act repugnant

to section 2 of Article 11 of the Constitution of South Dakota providing that taxes "shall be levied and collected for public purposes only." Cf. Cooley, "The Law of Taxation", 4th Edition, Vol. 1, section 215; In re Opinion of the Judges, 59 S. D. 469, 240 N. W. 600; State ex rel. Eckroth et al. v. Borge et al., N. D., 283 N. W. 521.

The judgment of the trial court is reversed and the cause remanded, with directions that the writ be quashed.

No costs to be taxed.

POLLEY, ROBERTS, and WARREN, JJ., concur.
RUDOLPH, J., not sitting.