Arthur E. CROWLEY, Sr., and Helen V. Crowley, Plaintiffs and Appellants,

v.

Johnny J. TREZONA, Spearfish Independent School District, Number 40-2, Defendants and Appellees.

No. 15586.

Supreme Court of South Dakota.

Considered on Briefs April 23, 1987.

Decided June 17, 1987.

Reed C. Richards, Deadwood, for plaintiffs and appellants.

Bruce A. Hubbard, Sturgis, for defendants and appellees.

MORGAN, Justice.

Arthur E. Crowley, Sr., and Helen V. Crowley (Crowleys), plaintiffs and appellants, appeal a summary judgment granted to Johnny J. Trezona (Trezona) and Spearfish Independent School District (School District), defendants and appellees. We affirm.

In 1896, Mary Trezona deeded one acre of land to the predecessor in interest of School District. The deed contained the following statement after the metes and bounds description of the land:

Said land is conveyed for a site for a School house and is to be used for that purpose as provided by law.

To have and to hold the same together with all hereditaments and appertenances thereto in any wise pertaining. so [sic] long as the same shall be used for School purposes as now or hereafter provided by law. But if said grantees shall remove the School house to be erected or shall abandon said land for School purposes the same shall revert to the grantor or her heirs and assigns.

A schoolhouse was built on the premises but was abandoned in 1972. Trezona is the heir of Mary Trezona. Trezona at one time

owned the land surrounding the one acre Mary Trezona deeded to School District. However, in 1965 he deeded the property to Crowleys. The deed from Trezona to Crowleys excepted the one acre previously deeded to School District.

After the schoolhouse was abandoned, Trezona brought a quiet title action against Lawrence County, School District, and the township of St. Onge. Crowleys were not made a defendant to the suit and claim they were not aware of the action. The defendants named in the quiet title action did not contest the suit and a default judgment was granted to Trezona. Crowleys brought the present action claiming this default judgment was void. Trezona answered, claiming Crowleys lacked standing to bring the suit.

On December 17, 1985, the trial court issued a memorandum opinion upholding the previous default judgment. The trial court apparently treated Crowleys' suit as a motion for relief from a void judgment under SDCL 15–6–60(b)(4), but then went on to address the merits of the default judgment. Ultimately, the trial court held that the default judgment was valid and as a result was *res judicata* in the present action.

Crowleys raise four issues on appeal, three of which hinge on the distinction between a possibility of reverter as opposed to a condition subsequent. The last deals with the application of SDCL 13–21–6. Trezona, in his brief, ignored the issues raised by Crowleys and filed a short brief relying exclusively on the doctrine of *res judicata.*

■ Although we ultimately affirm the trial court's result, we do not adopt its reasoning. The trial court held that the default judgment was *res judicata* in this action unless the default judgment was void under SDCL 15–6–60(b)(4) and then went on to address the merits of the default judgment. This is not a correct application of that statute. SDCL 15–6–60(b)(4) states in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding

for the following reasons: ... (4) The judgment is void...." Initially, we note that the statute speaks only in terms of "a party or his legal representative." More importantly, "[a] judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2862, at 198–200 (1973). *See* 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.25 (2d ed. 1985). The appropriate inquiry for the trial court under SDCL 15–6–60(b)(4) is limited to jurisdictional and due process issues only and the court is not empowered to relitigate the correctness of the decision.

■ Contrary to the contention of Trezona and the conclusion of the trial court, "[r]es judicata bars an attempt to relitigate a prior determined cause of action by the parties, or one of the parties in privity, to a party in the earlier suit." *Black Hills Jewelry Mfg. v. Felco Jewel Ind.*, 336 N.W.2d 153, 157 (S.D.1983); 46 Am.Jur.2d *Judgments* § 529 (1969). It is not disputed that Crowleys were not parties to the original action or in privity with any party to the original action. It is also not disputed that Crowleys did not " 'conduct and control the action or defense as real parties.' " *Black Hills Jewelry Mfg., supra*, at 157 (quoting *Schell v. Walker*, 305 N.W.2d 920, 922 (S.D.1981).

■ Even though *res judicata* does not apply to the present action, we still do not reach the merits. Trezona, in his original answer to Crowleys' complaint, set up the defense of Crowleys' lack of standing to bring suit. We agree with Trezona and hold Crowleys lack standing in this action. Both parties agree that the one-acre plot was excluded in the deed conveying the surrounding property from Trezona to Crowleys. Crowleys, however, attempt to establish standing by claiming an interest in the land under SDCL 13–21–6 which states in pertinent part:

> If the property sold be a school site taken from a farm or tract of land, the owner of said farm or tract shall have the right to purchase said site at the appraised value or at the highest bid if the same shall exceed the appraisement.
> ...

While Crowleys might arguably have had standing to attack the default judgment if they have a "protectible interest," [*] we hold that they have no such protectible interest arising from SDCL 13–21–6. Crowleys' right to purchase could not vest until the property was offered for sale by School District, therefore they can claim no interest at this time. The one-acre plot at the center of this litigation was not sold and Crowleys do not contend otherwise.

We affirm the summary judgment granted to Trezona and School District since Crowleys lacked standing to initiate this suit.

All the Justices concur.

---

[*] Subject to the limitations stated in § 74, a person who is not bound by a judgment under the rules of res judicata may obtain a determination that the judgment is ineffective as to him through an action to restrain enforcement of the judgment, for a declaration that the judgment is ineffective as to him, or similar relief, when: (1) The existence of the judgment jeopardizes a protectible interest of his; and (2) The character of his interest warrants his being given relief forthwith rather than on a future occasion.
Restatement (Second) of Judgments § 76 (1982).