Arthur E. CROWLEY, Sr., and Helen V. Crowley, Plaintiffs and Appellants,

v.

SPEARFISH INDEPENDENT SCHOOL DISTRICT, NUMBER 40–2 and its School Board Members Carleen Schlup, Richard Sleep, Larry Marshall, Ron Niesent and Richard Hovey, Defendants and Appellees.

No. 16403.

Supreme Court of South Dakota.

Argued April 24, 1989.

Decided Aug. 9, 1989.

Reed C. Richards, Deadwood, for plaintiffs and appellants.

Gary R. Richards, Spearfish, for defendants and appellees.

HENDERSON, Justice.

## CASE SUMMARY

We hold that the Circuit Court did not err in dismissing a writ of mandamus. To obtain mandamus, appellants must first invalidate a quiet title action and defeat a right of reverter. Further, appellants now seek to establish legal rights through mandamus, which they cannot do. Appellants do not have standing to challenge a quiet title action. Standing is res judicata, decided in 1987, and the same parties are before us. The school board cannot be mandated to sell property or pass any resolution affecting the property in question as (1) it does not own the property; (2) it cannot be compelled to perform acts which pertain to discretionary power; and, (3) it can accomplish no act to defeat Trezona's right of reverter. We affirm the trial court, also, in awarding $2,724.27 in sanctions to appellees and against appellants because of abuse of the court system, plus reasonable attorneys fees per SDCL 15–6–11(d).

## PROCEDURAL HISTORY/ISSUES

Petitioners/Appellants Arthur E. Crowley, Sr., and Helen V. Crowley (Crowleys) appeal dismissal of their petition for a writ of mandamus to force the Spearfish Independent School District, No. 40-2, and its school board members, Carleen Schlup, Richard Sleep, Larry Marshall, Ron Niesent, and Richard Hovey (hereafter called Board), to dispose of a one-acre tract, formerly used for school purposes, according to procedures set out in SDCL ch. 13-21. Crowleys allege circuit court error in three regards:

(1) The Board failed to follow statutory procedures of SDCL ch. 13-21;

(2) No impediments exist to prevent Board's compliance with a writ of mandamus; and,

(3) Application of Rule 11 sanctions against Crowleys, by which they were ordered to pay some $2,700 in attorney's fees was inappropriate.

Board maintains that:

(1) Crowleys are arguing facts not before this Court, as this appellate record does not contain information from earlier cases regarding this matter;

(2) The school district no longer owns the property in question;

(3) The requested writ of mandamus would require Board to perform a discretionary act, which such writ cannot compel; and,

(4) Institution of this action was not well grounded in fact or law, justifying sanctions.

We observe that *there was no testimony submitted to the trial court.* Rather, the parties stipulated that the court could render its decision based upon pleadings and motions in this case together with files and records in the prior cases. The only facts available to us in the settled record are those contained in the trial court's findings of fact and conclusions of law, and we cannot go beyond them. *Pearson v. Adams,* 279 N.W.2d 674, 676 (S.D.1979).[1] There is no support in the record for the dissent's assertion that "Trezona never even attempted to obtain service by publication of the summons and complaint on unknown defendants."

## BACKGROUND

The facts of this case are set out, essentially, in *Crowley v. Trezona,* 408 N.W.2d 332 (S.D.1987). Mary Trezona deeded an acre of land to the school district's predecessor in interest. The deed provided, among other things, that "if said grantees shall remove the school house to be erected or shall abandon said land for school purposes the same shall revert to the grantor or or (sic) her heirs and assigns." *Id.* at 332. The property was used for school purposes until 1972, but was abandoned after a school reorganization.

Johnny Trezona (Trezona), the heir of Mary Trezona, acquired the land surrounding the school acre, and, in 1965, deeded the property to Crowleys, except for the school acre. In 1982, Trezona brought a quiet-title action against the school district, the Township of St. Onge, and Lawrence County. Trezona did not serve notice of this action on Crowleys and notice was apparently improperly served on the school district. His action was unopposed by the named defendants, and a default judgment was granted.

In 1984, Crowleys brought an action against Trezona whereby they sought to have the default judgment declared void. This action culminated in the aforementioned decision of this Court, wherein we unanimously held that Crowleys had no standing to challenge the default judgment:

---

1. At oral argument, counsel stated that to his recollection he admitted service of the pleadings as school district counsel (in 1976). He further stated that he was not aware, *one way or the other,* whether there was additional service upon Board members. He also, in response to a question by the Chief Justice, indicated that the School Board had never repudiated the service upon him. Counsel further stated that he consulted with the School Board and they specifically decided to take no action whatever and to *not participate* in the quiet title action. The dissent's focus on a concession by school district's counsel is improper on the state of this record.

We agree with Trezona and hold Crowleys lack standing in this action. Both parties agree that the one-acre plot was excluded in the deed conveying the surrounding property from Trezona to Crowleys. Crowleys, however, attempt to establish standing by claiming an interest in the land under SDCL 13–21–6 which states in pertinent part:

If the property sold be a school site taken from a farm or tract of land, the owner of said farm or tract shall have the right to purchase said site at the appraised value or at the highest bid if the same shall exceed the appraisement. . . .

While Crowleys might arguably have had standing to attack the default judgment if they have a "protectible interest," (note omitted) we hold that they have no such projectable interest arising from SDCL 13–21–6. Crowleys' right to purchase could not vest until the property was offered for sale by School District, therefore they can claim no interest at this time. The one-acre plot at the center of this litigation was not sold and Crowleys do not contend otherwise.

408 N.W.2d at 333–34. Interestingly, the school district was named as a defendant in *Crowley I.* In *Crowley I,* this Court devoted a considerable part of its opinion to a determination that principles of res judicata did not apply to Crowleys in that action, as they were not parties to the original quiet title action. This reasoning does not apply to the present case, as Crowleys and school district were parties in *Crowley I.*[2]

## DECISION

I. *Board's Alleged Failure to Follow Statutory Procedures of SDCL ch. 13–21.*

Crowleys first argue that Board's failing to declare the school site surplus or abandoned, and to then proceed to put the property up for sale, under SDCL ch. 13–21 (amended by 1988 S.D.Sess.L. ch. 64 (S.B. 18)—see SDCL ch. 6–13), is amenable to mandamus proceedings. This Court, in *Crowley I,* 408 N.W.2d 332 (S.D.1987), held that Crowleys lacked standing to challenge Trezona's default judgment because the property was never sold and they, therefore, had no projectable interest under SDCL 13–21–6.[3] Given our holding in *Crowley I,* Crowleys' current appeal depends on the nature of the procedures on their new attempt to achieve standing through reliance on SDCL 13–21–1, repealed, 1988 Sess.L. ch. 64, § 61, reenacted in ch. 64, § 1 (see SDCL 6–13–1) which provided, in pertinent part:

Whenever any school district in this state shall have property consisting of land, structures, supplies, equipment, or other property which shall be determined *by resolution* of the school board to be no longer necessary, useful, or suitable for school purposes, such school board *may, by resolution, order the sale, trade-in, destruction or other disposal* of said property. (Emphasis supplied.)

SDCL 13–21–2, repealed by 1988 Sess.L. ch. 64, § 62, reenacted by ch. 64, § 2 (see SDCL 6–13–2), directed school boards "[u]pon such resolution being made," to have such property appraised, with no appraisal required for "[e]quipment or supplies which are to be traded in for other equipment or supplies and property which is deemed no longer useful and is to be destroyed by resolution of the school board need not have its value appraised as herein provided." Under SDCL 13–21–2, it can be assumed, this school site would have to be appraised, if the school district still owned it. SDCL 13–21–3, –4, and –5 dealt with the process of selling properties. SDCL 13–21–3, –4, and –5 were repealed by 1988

2. In *Crowley I,* this Court held that Crowleys lacked standing to challenge the validity of Trezona's interest, via Mary Trezona's deed and to assert that the school district was required to follow the requirements of SDCL 13–21–6. This statute allows an owner of property, from which a school site was taken, to purchase said site if it is sold by a school district.

3. SDCL 13–21–6 provided, in pertinent part: "If the property sold be a school site taken from a farm or tract of land, the owner of said farm or tract shall have the right to purchase said site at the appraised value or at the highest bid if the same shall exceed the appraisement." Repealed by 1988 S.D.Sess.L. ch. 64, § 66, and not reenacted as part of SDCL ch. 6–13.

S.D.Sess.L. ch. 64, §§ 63, 64, and 65, respectively, and are now codified as SDCL 6-13-4, -5, and -6.

Under the above scheme, Crowleys argue that Board either had no discretion and was required by statute to pass a resolution setting a course toward sale, or abused its discretion in failing to do so. In either event, they believe mandamus is now appropriate. We disagree.

The answer appears to lie in *South Dakota Trucking Ass'n, Inc. v. South Dakota Department of Transportation*, 305 N.W.2d 682 (S.D.1981), which contains extensive discussion of the mandamus remedy:

> Generally, for a party to be granted a writ of mandamus ' "... he must have a clear legal right to have a service performed by the party to whom he seeks to have the writ directed." ' (Citations omitted.) If the service or action which one seeks to compel is discretionary the proper exercise of such discretion will not be interfered with. This is not to say that there are no checks on such discretion.
>
> > ' "... The discretion must be exercised under the established rules of law, and it may be said to be abused within the foregoing rule where the action complained of has been arbitrary or capricious, or based on personal, selfish, or fraudulent motives, or on false information, or on a total lack of authority to act, or where it amounts to an evasion of a positive duty ... or where the exercise of the discretion is in a manner entirely futile and known by the officer to be so and there are other methods which if adopted would be effective." '
>
> *State v. Richards*, 61 S.D. 28, 38-39, 245 N.W. 901, 905 (1932) (citations omitted). Moreover an erroneous view of the law is sufficient to constitute an abuse of discretion. *Richards, supra.*

We must therefore determine whether the issuance of these permits is a discretionary function. If it is merely ministerial, mandamus will lie. If it is discretionary, we must further ascertain whether the Board abused its discretion and if so, mandamus will lie; otherwise, mandamus is improper.

*S.D. Trucking Ass'n*, at 684.

■ Crowleys' argument fails because they have failed to establish a clear legal right to have the Board determine by resolution, under SDCL 13-21-1, that the property was surplus and to be sold. Board, under SDCL 13-21-1, had discretion to initiate the process leading to ultimate sale. The operative word is "may." *See* SDCL 13-21-1, set forth above. As the statute gives discretion to the Board, we view our duty to decide if its conduct "prompted by a misconstruction of the law involved to such a degree as to render it an arbitrary action and an abuse of discretion." *S.D. Trucking Ass'n*, at 685. "Mandamus is not available to establish legal rights, but only to enforce legal rights that are clear and certain." *Stafford v. Valley Community School District*, 298 N.W.2d 307, 309 (Iowa 1980). As Board points out, the validity of Crowleys' claim to a right is controverted. Mandamus does not lie where the obligation to be compelled is of doubtful validity. *Bailey v. Lawrence County*, 2 S.D. 533, 51 N.W. 331 (1892). Again, Crowleys have not established a clear legal right; perforce, their argument falls.

■ Further, mandamus is inapplicable to undo an act already done in violation of public or official duty. *State ex rel. Vig v. Lehman*, 45 S.D. 394, 187 N.W. 720 (1922) (interpreting S.D.Rev.Code 1919, Sec. 3006, which is substantively the same as our current mandamus provision in SDCL 21-29-1). The gist of Crowleys' claim is that transfer of the property to Trezona must be undone. The property has passed on to Trezona through a quiet title action.[4] The threshold question of es-

---

4. The dissent's attack pertaining to inadequate service of the prior pleadings is immaterial. Rationale: The validity of service or the ultimate judgment in the prior quiet title action was not specifically mentioned or alleged in Crow-

ley's pleadings in this action. Crowley merely alleged that the school district is the owner of the property, that it did not respond to the quiet title action nor did it sign a deed to Trezona. Therefore, the issue is not properly before us.

tablishing that the school district owns the property is unanswered, a prerequisite, we opine, to declaring the property surplus, again; mandamus is simply unavailable. *Stafford* at 309.

### II. *Impediments to the Board's Compliance with a Writ of Mandamus*

The core of this argument is that the circuit court never acquired jurisdiction over the school district because of improper service under SDCL 15–6–4(d)(4)(v).

■ This, under *In re Gillespi,* 397 N.W.2d 476 (S.D.1986), does indicate that the trial court lacked personal jurisdiction over the school board, because service should be made on a member of the school board or board of education, as required by SDCL 15–6–4(d)(4)(v). This does not appear to justify a writ of mandamus, however, as Crowleys could have, and did not, raise this in *Crowley I.*

Mandamus against the Board does not void the quiet title action. To properly address mandamus, Crowleys must first void the earlier action. This should have been raised before. It was not. Res judicata applies to Crowleys' claim: "That a party could have raised an issue but failed to do so will not prevent the application of res judicata." *Nelson v. Hawkeye Sec. Ins. Co.,* 369 N.W.2d 379, 381 (S.D.1985). When a party fails to fully develop all of the issues and evidence available in a case, he is not justified in later trying the omitted issues or facts in a second action based upon the same claim. *Cory v. Commissioner of Internal Revenue,* 159 F.2d 391, 392 (3d Cir.1947).

### III. *Sanctions Under SDCL 15–6–11*

■ The Crowleys' last argument is that the trial court improperly awarded $2,724.27 in sanctions to the school district as sanctions under SDCL 15–6–11(a) and (b). The trial court determined that such an amount comprised reasonable and necessary defense costs in this action, and found "[t]hat the institution of this action was not

well grounded in fact, was not warranted by existing law and was interposed causing unnecessary costs of litigation." Having reviewed the trial court's award of sanctions without any presumption of correctness of the trial court's findings of fact and conclusions of law, under SDCL 15–6–11(d), we affirm the trial court on this issue.

SDCL 15–6–11(a) requires that every pleading, motion and other paper be signed by at least one attorney of record, in his individual name, or, if a party is not represented by an attorney, requires signature of that party. The purpose of such signatures is set out within the statute, which provides, in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Violation of SDCL 15–6–11(a) triggers sanctions under SDCL 15–6–11(b):

> If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which shall include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.

In affirming the trial court's award under SDCL 15–6–11(a), and (b), we note that this dispute has continued since 1973. Yet, Crowleys have waited until 1987 to apply for a writ of mandamus, which is extremely untimely. Here, the trial court has been

---

The dissent makes a collateral attack on the quiet title action not made by Crowley in either this or the former action.

involved in a series of cases reflecting a fixation on the part of Crowleys that they are going to get that one acre of land. The facts of this case are not as egregious as those of *Tri–State Refining and Investment Company v. Apaloosa Company*, 431 N.W.2d 311 (S.D.1988) but Tri–State did not establish a floor or minimum level that has to be attained before sanctions can be imposed. Crowleys continue to use the courts to decide matters which have already been decided or which they failed to urge in previous proceedings. Trezona obtained a judgment quieting title unto himself; title to the land was settled; the issue was settled, with even greater affirmation, when this Court held that Crowleys had no standing. Surely, this litigation should have been buried with a peaceful repose. Rather, however, harassment was undertaken in the form of an application for mandamus to end-run all previous decisions. We believe that the Court system was seriously abused, and thus affirm on the sanctions issue. Thus, we affirm the trial court on an award of sanctions.

Appellees also request appellate attorney's fees and costs under SDCL 15–6–11(d), which provides, *inter alia:* "Reasonable attorney fees and costs shall be awarded to the successful party on appeal." Their request is supported by two listings of attorney's fees, costs, and expenses incurred between April 12, 1988 and April 24, 1989, totalling $4,167.10. We grant appellees reasonable attorney's fees in the amount of $1,500, plus costs.

Affirmed.

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

Crowleys bring a mandamus action to compel the School District, as the owner of surplus school property, to properly dispose of same in accordance with the statutory requirements of SDCL 13–21–6. School District defends on the basis that it no longer owns the surplus property. This defense depends on the validity of the quiet title action attempted by Trezona against the School District.[1] However, this "quiet title action" is void on its face because *no service* of the summons and complaint was ever obtained on the School District. An admission of service by an attorney is simply insufficient to start an action. The admission of service must be signed by the party. This was openly conceded by School District's counsel at oral argument.[2] In addition, Trezona never even attempted to obtain service by publication of the summons and complaint on unknown defendants. Compliance with SDCL 15–6–4(d), which requires service upon a school board member is jurisdictional. It is basic law that a court does not obtain personal jurisdiction over an entity unless service of process is accomplished according to law. *In re Gillespi*, 397 N.W.2d 476 (S.D.1986). In

---

1. The majority opinion asserts that the validity of the quiet title action is not properly before this court because Crowleys' pleadings did not specifically mention the validity of service in that action. However, "[a] complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant." *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976); *accord Morgan v. Pennsylvania General Ins. Co.*, 87 Wis.2d 723, 275 N.W.2d 660 (1979); *Daley by Daley v. American Family Mut. Ins. Co.*, 355 N.W.2d 812 (N.D.1984). Instead, the complaint only need provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 85 (1957); *accord Williams v. State*, 405 N.W.2d 615 (N.D. 1987); *Northrup v. Farmland Industries, Inc.*, 372 N.W.2d 193 (Iowa 1985); *Goins v. Ford Motor Co.*, 131 Mich.App. 185, 347 N.W.2d 184

(1983). In their complaint, Crowleys allege that the School District is the owner of the property at issue. Implicit within that allegation is a claim that the quiet title action was invalid. Moreover, in their objections to respondent's findings of fact and conclusions of law, Crowleys did specifically challenge the validity of the quiet title action, asserting that the court acquired no jurisdiction in that action due to improper service. In addition, the facts that render the quiet title action void appear in the files, and their truth has been challenged by no one. Neither the majority nor School District's counsel have questioned their correctness.

2. Q: You recognize that's not appropriate service, don't you?
   A: Yes, I do.

*Gillespi,* this court held that the mailing of the process to the state's attorney involved in the case simply was insufficient to bring the county treasurer under the jurisdiction of the court.[3] Therefore, Trezona's purported quiet title action was not binding on anyone, no jurisdiction was obtained, and it is void on its face.

In *Crowley I,* we held that Crowleys had *no* standing because their "right to purchase could not vest until the property was offered for sale by School District, therefore they can claim no interest *at this time.*" *Crowley v. Trezona,* 408 N.W.2d 332, 334 (S.D.1987) (emphasis added). Crowleys have *now* established that the School District has a duty to offer the surplus property for sale. They *have* standing at *this* time and are entitled to a decision on the merits. Therefore, the School District still owns the surplus school real estate and must dispose of same in accordance with the statutory requirements of SDCL 13–21.

Crowleys have a clear legal right to mandamus under SDCL 13–21–6 and as taxpayers of the School District. In *Wood v. Waggoner,* 67 S.D. 365, 293 N.W. 188 (1940), we stated:

This court is committed to the view that conduct prompted by misconstruction of the law constitutes "arbitrary action" or "abuse of discretion" justifying resort to mandamus, and this contention of appellants must therefore be overruled.

*Id.,* 67 S.D. at 367, 293 N.W. at 189. In *Breckweg v. Knochenmus,* 81 S.D. 244, 133 N.W.2d 860 (1965), we stated:

[W]here the refusal to perform a legal duty is arbitrary and captious, or is founded on an invalid ground, or one not

warranted by law, the board is subject to direction by the court and mandamus will issue.

*Id.,* 81 S.D. at 251, 133 N.W.2d at 864. In *Smith v. Otter Tail Power Co.,* 80 S.D. 327, 123 N.W.2d 169 (1963), we stated:

Mandamus is a special proceeding as distinguished from an action. It will not issue where there is a plain, speedy and adequate remedy available in the ordinary course of law. Though issuance of a writ of mandamus is to a certain extent a matter of judicial discretion, a court cannot refuse a writ where one has a clear legal right with no other remedy to enforce it.

*Id.,* 80 S.D. at 329–30, 123 N.W.2d at 170 (citations omitted).

The Crowleys have no plain, speedy, and adequate remedy available to them. If denied a writ of mandamus, they will be denied their rights under SDCL 13–21–6, and the taxpayers of the School District will not realize a tax savings from the sale of the surplus property. Crowleys have shown a clear legal right to a writ of mandamus and have no other remedy to enforce their rights.

The majority opinion blames Crowleys for involvement "in a series of cases reflecting a fixation on ... [their] part ... to get that one acre of land." The fact is that Crowleys have never received a decision on the merits from our court system in the *only* case brought by them prior to this. As indicated below, Crowleys were secretly excluded from the "void" quiet title action. These facts and the improper imposition of sanctions create a most serious case of injustice.

---

**3.** In writing for the *Gillespi* court, Justice Miller stated:

Admittedly, the state's attorney is counsel for all county officials. SDCL 7–16–9. Service of the appropriate motions and pleadings contemplated by SDCL 15–6–5 could certainly be made upon the state's attorney once Beadle County is a party. However, SDCL 15–6–5(b) specifically states that "The provisions of § 15–6–5 shall not apply to the service of a summons or other process or of any paper to bring a party into contempt."

In order for the trial court to have jurisdiction in these contempt proceedings, personal

service upon Beadle County and the Beadle County Treasurer under the provisions of SDCL 15–6–4(d)(4)(i) was mandatory. Because this service is absent, jurisdiction is totally lacking.

*Gillespi, supra* at 477–78 (emphasis omitted). Justice Henderson, concurring specially, stated: "Therefore, the right and power of the lower court to adjudicate concerning the subject matter never came into existence because the proceeding was, inceptually, fatally flawed." *Id.* at 478. The majority opinion would have us impliedly reverse *Gillespi,* or at least sidestep it.

The majority opinion leaves unanswered more questions than it answers.

1. Can a quiet title action not properly served on anyone actually quiet title to anything?

2. Who really owns the land? Who will issue a title opinion or a title insurance policy on this fiasco?

3. Are the school board and the individual school board members subject to liability for dereliction of duty to the county taxpayers?

4. Why doesn't the school board do its duty and place this surplus school property for sale as required by SDCL 13–21–6?

5. Will anything short of such a sale ever bring real peace?

6. Did *Crowleys* really abuse the *court system* or vice versa?

The majority opinion concludes that sanctions were appropriate under SDCL 15–6–11(a) and (b). If the facts of these cases were really sufficient to justify sanctions against anyone, I would submit that Trezona, not Crowleys, is the most likely candidate. It was Trezona's "secretive attempt at service," without notice to Crowleys or the public taxpayers which caused the confusion and multiple suits. It troubles me that this "secretive attempt at service" may actually succeed and result in a fraud on the taxpayers of Lawrence County.

In summary, the School District failed to follow the statutory requirements of SDCL 13–21 when attempting to dispose of the surplus school real estate. The Crowleys have no relief other than mandamus. They have a clear right to mandamus both under SDCL 13–21–6 and as taxpayers of the School District. The School District has the legal power and responsibility to comply with SDCL 13–21. Therefore, the trial court erred in dismissing the mandamus petition and in imposing sanctions. We should reverse and remand for correct proceedings.